Richard C. Terry, USB No. 3216
TERRY JESSOP & BITNER
341 South Main, Suite 500
Salt Lake City, Utah  84111
Telephone: 801/534-0909
Fax: 801/534-1948
Email: richard@tjblawyers.com

Attorneys for APG Financial

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | |
|---|---|
| In re:<br><br>Dennis Lee Brewer, Sr. and Cheryl Lynn Brewer,<br><br>　　　　　　Debtors. | Bankruptcy No. 12-23206 jtm<br><br>Chapter 13<br><br>Filed Electronically<br><br>**MOTION TO COMPEL ASSUMPTION OR REJECTION OF LEASE, MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FOR INTERIM PAYMENTS AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |

_____

APG Financial by and through the undersigned counsel of TERRY JESSOP & BITNER, and pursuant to 11 U.S.C. §§ 365 and 362, hereby moves the above-entitled court for an order requiring the debtor to assume or reject the lease hereinafter described, for an order allowing an administrative claim and requiring the debtor to make interim payments, or granting relief from the automatic stay if the debtor is unable to make interim payments, or rejects the lease.  In support hereof, this creditor states as follows:

1.     On or about October 16, 2010, (debtor) entered into a Motor Vehicle Lease Agreement with APG pertaining to a 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 ("lease").  Copies of the lease and title are attached hereto as Exhibits "A" and "B" and are incorporated herein by reference.  The general terms of the lease are set forth in the exhibits.

2.     Debtor is in default to APG Financial for failure to make regular payments under the lease when due.   The lease is delinquent in the amount of $10,135.60.

3.     In addition, attorneys fees have been incurred and continue to accrue since APG Financial employed TERRY JESSOP & BITNER to represent it.

4.     On or about March 16, 2012, debtor filed a voluntary petition for relief under Chapter 13 of the United State Bankruptcy Code.

5.     Since the filing of debtor's petition, the leased vehicle has decreased in value and continues to decrease in value.

6.     The fair rental value of the leased vehicle is equal to the bi-weekly lease payments under the lease of $160.00 or $320.00 monthly.

7.     APG Financial is the owner and lien holder of the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 leased to the debtor.

8.     Pursuant to 11 U.S.C. § 365(d)(10) and additionally by reason of the decrease in value of the leased vehicle, APG Financial is entitled to rental payments for the debtor's use and possession of the vehicle or relief from the automatic stay in the event

the debtor cannot make regular lease payments or pay the value of the use and possession of the leased vehicle.

9.     To the extent debtor rejects the lease or fails to make interim payments, APG Financial is entitled to an administrative claim equal to rental payments from the date of filing until surrender or confirmation.

10.    Since confirmation 55 payments of $160.00 have accrued but not been paid totaling $8,800.00.

11     Debtor is using or has used the vehicle, but failed to provide APG Financial with adequate protection for the use and depreciation. With the accrual of interest and depreciation, APG Financial's interest cannot be adequately protected without cash payments.

12     Debtor's leasehold interest pertaining to the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 is not necessary for the debtor's effective reorganization.

13.    If the debtor is permitted to continue to use this vehicle or the automatic stay allowed to continue in effect, APG Financial will sustain irreparable harm in that the collateral is being used by the debtor without any compensation for the use and depreciation.

14.    This creditor alleges that it is entitled to relief for cause from the automatic stay pursuant to 11 U.S.C. § 362 for the reasons contained in this motion to prevent irreparable harm and loss or damage to this creditor's property.

15.     With the automatic stay in effect, APG Financial is being irreparably harmed in that the collateral is being used by the debtor without any compensation for the use and depreciation, and without the collateral being insured against loss, damage or destruction. Since APG Financial is being irreparably harmed any order should be effective immediately upon its entry.

16      This creditor is further entitled to relief from the automatic stay by virtue of the fact that the debtor does not own the property and the lease is not necessary for an effective reorganization.

WHEREFORE, APG Financial prays for the following relief:

1.      That the Court enter an order pursuant to 11 U.S.C. § 365(d), compelling the debtor to assume the lease or fixing a time within which the debtor is required to assume or reject the lease which period should not be more than fourteen days.

2.      That debtor be ordered to pay this creditor the regular monthly payments as the reasonable value for the use and possession of the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 from the date of the filing of this bankruptcy until the lease is either assumed or rejected pursuant to 11 U.S.C. § 365.  That APG Financial be awarded an administrative expense claim for any unpaid payments from the date of filing until surrender or confirmation.

3.      That should debtor be unable to pay for debtor's use and possession of the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 by making the regular lease payments as required by the lease, that the automatic stay of 11 U.S.C. § 362(a), be terminated

pursuant to 11 U.S.C. § 362(d)(1) and the debtor be ordered to immediately surrender possession of the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 to this creditor.

    4.    That if the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 is not insured pursuant to the terms of the lease, the automatic stay be vacated pursuant to 11 U.S.C. § 362(d)(1) and the debtor ordered to immediately surrender possession of the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 to APG Financial.

    5.    That in the event debtor assumes the lease, the debtor be ordered to fully comply with 11 U.S.C. § 365(b), including full payment of any and all arrearages, property taxes, interest, costs and attorney fees.

    6.    That in the event debtor rejects the lease or fails to assume or reject the lease within the time set by the court, the automatic stay be terminated and debtor be directed to surrender possession of the 2000 Dodge Dakota, VIN#1B7HG2AZOYS769587 to this creditor.

    7.    That any order entered pursuant to this motion be effective immediately upon its entry.

    8.    That APG Financial be awarded reasonable attorney fees and costs incurred herein pursuant to the terms and provisions of the lease.

    9.    That APG Financial have such further relief as the Court deems just and equitable.

DATED September 26, 2014.

                                        TERRY JESSOP & BITNER
                                        Attorneys for APG Financial Bank, N.A.


                                        By:    /s/ Richard C. Terry

### CERTIFICATE OF SERVICE

     I, Richard C. Terry, attorney for APG Financial Bank, hereby certify that on September 26, 2014, I served a copy of the foregoing Motion to Compel Assumption or Rejection of Lease, Motion for Allowance of Administrative Claim for Interim Payments and Motion for Relief from the Automatic Stay upon the following by first class mail, postage prepaid; or by filing this pleading electronically as an ECF registered attorney of the United States District Court, I caused the same to be served via ECF.

Dennis Lee Brewer, Sr. (Via U.S. Mail)
and Cheryl Lynn Brewer
1087 North 125 West
Clearfield, UT 84015

Theron D. Morrison (Via ECF)
290 25th Street, Suite #102
Ogden, UT 84401

Kevin R. Anderson (Via ECF)
Chapter 13 Trustee
405 South Main Street, Suite #600
Salt Lake City, UT 84111

                                          /s/ Richard C. Terry


I:\4\4555\7\Motion.wpd



**Motor Vehicle Lease Agreement — Closed End**

Lessor Name and Address: West Valley Auto Plaza, 3899 South Redwood Rd, West Valley City UT 84119

Lessee Name and Address(es): Dennis L Brewer, Ogden UT 84404

Date: 10/16/2010

If this Lease is for a consumer purpose, then this Lease is consumer paper.
☐ Business, commercial or agricultural purpose lease.

### Description of the Leased Property (Vehicle)
| Year | Make | Model | Body | VIN | Odometer Mileage |
|---|---|---|---|---|---|
| 2009 | Dodge | Dakota 4WD | Quad Cab SLT | 1B7... | |

☒ New  ☐ Used  ☐ Demo

Equipped With:

### Trade-In Vehicle and Its Allowance
| Year | Make | Model | Gross Amount of Trade-In Allowance $ 5,000.00 |
|---|---|---|---|
| | | Dakota 4WD | |

Prior Credit or Lease Balance − $ 1,757.81     **Net Trade-In Allowance = $ 3,242.19   (If less than zero, enter zero.)

### Federal Consumer Leasing Act Disclosures

**Amount Due at Lease Signing or Delivery**
(Itemized below) $ 3,742.19

**Payments**
a. Monthly Payments. Your first monthly payment of $ _____ is due on 10/16/2010, followed by _____ payments of $ _____ due on the 10-30-10 of each month. The total of your monthly payments is $ 12,480.00.
b. Single Payment. Your payment of $ N/A is due on _____.
Bi-weekly X Dennis Brewer

**Other Charges** (Not part of your monthly or single payment)
Disposition fee (if you do not purchase the Vehicle) $ N/A
N/A
N/A
N/A
Total $ N/A

**Total of Payments**
(The amount you will have paid by the end of the Lease) $ _____

### * Itemization of Amount Due at Lease Signing or Delivery
| Amount due at lease signing or delivery: | | | How the amount due at lease signing or delivery will be paid: | |
|---|---|---|---|---|
| Capitalized Cost Reduction | $ 3,642.19 | Documentation fees + $ N/A | Net Trade-In allowance** | + $ 3,742.19 |
| First Monthly Payment | + $ N/A | + $ N/A | Rebates and non-cash credits | + $ N/A |
| Single Payment | + $ N/A | + $ N/A | Amount to be paid in cash | + $ N/A |
| Refundable Security Deposit(s) | + $ 100.00 | + $ N/A | | |
| Registration fees | + $ N/A | Total = $ 3,742.19 | <---> Total | = $ 3,742.19 |
| Title fees | + $ N/A | | | |
| Acquisition fee | + $ N/A | | | |

### Your Payment is Determined as Shown Below:
| | | |
|---|---|---|
| Gross capitalized cost. The agreed upon value of the Vehicle ($ 11,998.97 ) and any items you pay over the Lease Term (such as service contracts, insurance, and any outstanding prior credit or lease balance). $ 12,525.97 | Rent charge. The amount included in addition to the depreciation and any amortized amounts. + $ 4,401.94 | |
| Capitalized cost reduction. The amount of any net trade-in allowance, rebate, non-cash credit, or cash you pay that reduces the gross capitalized cost. − $ 3,642.19 | Total of base payments. The depreciation and any amortized amounts plus the rent charge. = $ 11,679.72 | |
| Adjusted capitalized cost. The amount used in calculating your base payment. = $ 8,883.78 | Lease Term. The number of months in your Lease. 78 | |
| Residual Value. The value of the Vehicle at the end of the Lease used in calculating your base payment. − $ 1,606.00 | Lease payments. The number of payments in your Lease. ÷ 78 | |
| Depreciation and any amortized amounts. The amount charged for the Vehicle's decline in value through normal wear and for other items paid over the Lease Term. = $ 7,277.78 | Base Payment = $ 149.74 | |
| | Sales/use tax + $ 10.26 | |
| | Total payment = $ 160.00 | |

**Early Termination.** You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier you end the Lease, the greater this charge is likely to be.

**Excessive Wear and Use.** You may be charged for excessive wear based on our standards for normal wear and mileage in excess of 15,000 miles per year at the rate of $ _____ per mile. (Excess Mileage Charge)

☒ **Purchase Option at End of Lease Term.** If the box in this line is checked, you have the option to purchase the Vehicle at the end of the Lease Term for $ 1,606.00 and a purchase option fee of $ N/A. The purchase option price does not include official fees such as those for taxes, tags, license and registration which you will also be required to pay.

**Other Important Terms.** See Lease documents for additional information on early termination, purchase options and maintenance responsibilities, warranties, late and default charges, insurance, and any security interest, if applicable.

### Itemization of Gross Capitalized Cost
| | | | | | |
|---|---|---|---|---|---|
| Agreed upon value of the Vehicle | $ 11,998.97 | Extended Warranty and Service Contract | $ N/A | Acquisition fee | $ N/A |
| Sales or Use Tax and any other applicable taxes | $ N/A | Documentation fee | $ 373.00 | | $ N/A |
| Title, License and Registration fees | $ 154.00 | Outstanding Prior Credit or Lease Balance and Negative Equity | $ N/A | | $ N/A |
| | | | | Total | $ 12,525.97 |

If you do not meet your Contract obligations, you may lose the right to use the Vehicle under this Lease.

### Additional Protections
You may buy any of the following voluntary protection plans. They are not required as part of this Lease and will not be a factor in our decision to lease the Vehicle to you.
Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ Service Contract
Term N/A
Price N/A
Coverage N/A

☐ Gap Waiver or Gap Coverage
Term N/A
Price N/A
Coverage N/A

☐ Mechanical Breakdown Protection (MBP)
Term N/A
Price N/A
Coverage N/A

☐ Extended Warranty
Term N/A
Price N/A
Coverage N/A

X _____ Date
Name

X _____ Date
Name

### Additional Terms
**Additional Fees and Charges.** Information about a Security Deposit and a Late Charge can be found in the Additional Lease Terms section. In addition to the other amounts promised in this Lease, you agree to pay the following.
♦ **Vehicle Return Fee.** You will pay us a Vehicle Return Fee of $ _____ if this Lease is terminated before the end of the scheduled Lease Term and the Vehicle is returned to us or to our agents. This Fee will not apply if the Lease ends early by your purchase of the Vehicle.
♦ **Disposition Fee.** You will pay us a Disposition Fee of $ _____ when you return the Vehicle at the end of the scheduled Lease Term. This Fee will not apply if the Lease ends early or if you buy the Vehicle at the end of the Lease Term (if you have that option).
♦ **Official Fees and Taxes.** The estimated total amount you will pay for official and license fees, registration, title and taxes over the term of your Lease, whether included with your monthly (or single) payment or assessed otherwise: $ _____. The actual total of fees and taxes may be higher or lower, depending on the tax rates in effect or the value of the leased property at the time a fee or tax is assessed.
☐ **Service Charge for Unclaimed Security Deposit Refunds.** Unless prohibited, we send you a check after this Lease ends to refund the remaining portion of any Security Deposit. If you do not collect the check within six months, you agree that we may deduct a monthly service charge of $ N/A from the remaining portion of any Security Deposit until it is gone or otherwise refunded to you.
**Warranties.** The Vehicle is subject to the following express warranties that apply to this Lease.
☒ The standard written manufacturer's warranty. This warranty is made by the manufacturer and NOT by the Lessor.
☐ _____

By signing this Lease, you acknowledge receiving a copy of the above written warranties. You understand that we (the Lessor) make no express or implied warranties other than those described above (if any). Except as required by law, the Lessor makes no implied warranty of merchantability and no warranty that the Vehicle is fit for a particular purpose. Except as provided above, you will take the Vehicle as is with all faults. We do not exclude any warranties of merchantability and fitness for a particular purpose if this Lease is subject to Massachusetts or Vermont law.

### Other Terms

### Notices
**Notice.** You have no ownership rights in the Vehicle unless and until you exercise your option to purchase the Vehicle.
**Arbitration.** This Lease contains an Arbitration Agreement that affects your rights. By signing this Lease, you agree to the terms of the Arbitration Agreement.

### Signatures
**Entire Agreement.** Your and our entire agreement is contained in: (a) this Lease; and (b) any related agreement between you and us about conditions that must be satisfied after delivery of the Vehicle. There are no unwritten agreements regarding this Lease. Any change to this Lease must be in writing and signed by you and by us.

X   /s/ Dennis Brewer    10-16-10
Name                    Date

X   Dennis L. Brewer
Name                    Date

**Notice to Lessee.** (1) Do not sign this Lease before you read it or if it contains any blank spaces; (2) You are entitled to a completely filled-in copy of this Lease.
By signing below, you agree to the terms on pages 1 and 2 of this Lease. You received a copy of this Lease and had a chance to read and review it before you signed it.

X   /s/ Dennis Brewer    10-16-10
Name                    Date
Title

X _____ Date
Name
Title

**Lessor's Acceptance.** By signing below, Lessor agrees to the terms and conditions of this Lease.
APG Financial
♦ **Lessee DL Inspection.** The Lessor inspected each Lessee's driver's license and compared and verified the signature of each license with a signature of each Lessee, written in Lessor's presence. Lessor believes that each Lessee providing such information is currently licensed to drive by the state of his/her residence.
♦ **Assignment.** Lessor assigns this Lease and all rights and title to the Vehicle to the Assignee identified below (if any). This assignment is subject to any separate Assignment Agreement between the Lessor and Assignee.

Assignee Name _____
Address _____
Phone _____

X _____ Date
Name
Title

Motor Vehicle Lease
Bankers Systems™
Wolters Kluwer Financial Services © 1997, 2010

MVL-CE 7/30/2010
Page 1 of 2

# UTAH CERTIFICATE OF TITLE

## ORIGINAL TITLE

**Title Number** UT10462816

| | | | | |
|---|---|---|---|---|
| Vehicle Type TRUCK | Year 2000 | Make DODG | Model QAD DAK | Bdy Sty 4 DOOR EXT CAB |
| VIN/HIN 1B7HG2AZ0YS769587 | | 2nd VIN | | |
| Cylinders 8 | Fuel GASOLINE | | Odometer 0 | Date Issued 11/04/2010 |

EXHIBIT B

APG FINANCIAL
3899 S REDWOOD RD
WEST VALLEY UT 84119-4717

**Owner Information**
APG FINANCIAL
3899 S REDWOOD RD
WEST VALLEY CITY UT 84119-4717

**Lienholder Information**
APG FINANCIAL
[redacted]
WEST VALLEY UT 84119-4717

VEHICLE IS EXEMPT FROM ODOMETER REQUIREMENTS

**Request For Lien Change**
Complete this section. Send the title and required fee to the Division of Motor Vehicles. Please check one box.

☐ Issue a title free of liens          ☐ Issue a title showing the following as the NEW LIEN HOLDER

| LIEN RELEASE - Signature of Lien Holder (releasing interest) | Vehicle owner's signature requesting lien change |
|---|---|
| X | |
| Title of signer | New lien holder's name |
| Date | Address |
| | City          State      ZIP Code |

**Division of Motor Vehicles**
**UTAH STATE TAX COMMISSION**
210 North 1950 West
Salt Lake City, Utah 84134


TC-127 Rev. 01/09 CDR



B 5050095

ANY ALTERATION OR ERASURE VOIDS THIS TITLE